```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARVIN & CATINA WILLIAMS, ET              CIVIL ACTION
AL.

VERSUS                                    NO: 06-8656

ALLSTATE INSURANCE CO., ET                SECTION: "A" (5)
AL.
```

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 8)** filed by plaintiffs Marvin & Catina Williams, et al.  Defendant Allstate Insurance Co. opposes the motion.  The motion, set for hearing on February 7, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is **GRANTED**.

### I. BACKGROUND

Plaintiffs, citizens of Louisiana, initiated this suit in state court against Allstate Insurance Co. ("Allstate"), Mike Spears Insurance, John Elliot Insurance, and Bianchini-Tully Insurance Agency, LLC (collectively "the Insurance Agents"). Plaintiffs allege that Allstate has in bad faith refused to pay for all of their hurricane-related damages.  Plaintiffs allege that their respective insurance agents failed to procure adequate insurance coverage for their property.

Allstate removed the suit to this Court alleging diversity jurisdiction because Plaintiffs have improperly joined the

Insurance Agents, Louisiana citizens, in order to defeat federal jurisdiction. Allstate argues that Plaintiffs cannot state a claim against the Insurance Agents under the facts alleged and that the claims against the Insurance Agents are perempted. Allstate also alleges+ federal question jurisdiction asserting that Plaintiffs are making a flood claim. Plaintiffs moves to remand the case.

**II.   DISCUSSION**

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. Kennedy Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)). The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648). However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings. See id. at 462-63. Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence. Id. at 463 (citing Travis, 326 F.3d at 648-49).

The crux of Plaintiffs' complaint against the Insurance Agents is that they did not procure adequate coverage on behalf of

2

Plaintiffs or advise Plaintiffs that their coverage should be increased. This Court has already held that Louisiana law does not impose a duty on an insurance agent to counsel an insured on policy limits. <u>Parker v. Lexington Insurance Co.</u>, No. 06-4156, 2006 WL 3328041 (E.D. La. Nov. 15, 2006). However, Plaintiffs specifically allege that the Insurance Agents were engaged to act as their agents in retaining coverage suitable to cover the property in its entirety. (Pet. ¶ XX). In other words, Plaintiffs allege that the Insurance Agents undertook a duty that Louisiana law would not otherwise impose. The Court must evaluate all contested facts in the light most favorable to Plaintiff. <u>In re Rodriguez</u>, 79 F.3d 467, 469 (5th Cir. 1996). Thus, the Court cannot conclude that Plaintiffs have failed to state a claim against these in-state defendants under Louisiana law.

La. R.S. 9:5606, entitled Actions for Professional Insurance Agent Liability, provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue **within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.** However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission,

or neglect.

La. Rev. Stat. Ann. § 9:5606(A) (West 1991 & Supp. 2006) (emphasis added). Further, subpart D of the statute provides:

> The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Id. § 5606(D). Peremption differs from prescription in that it extinguishes or destroys the legal right to which it applies. Bel v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) (citing Coffey v. Block, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000)).

Plaintiffs filed the instant suit on August 29, 2006. Plaintiffs allege that within the last year they requested specific changes to their policy but that the Insurance Agents failed to procure the requested coverage. (Pet. ¶ XVIII). Consequently, the Court cannot find conclusively that Plaintiffs' claims against the Insurance Agents are perempted.

Further, nothing in the petition suggests that Plaintiffs are attempting to recover based on a flood policy as opposed to their homeowner's policy. All of the policies currently in the record are homeowner's policies. The case is not removable based on federal question jurisdiction.

Accordingly;

4

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 8)** filed by plaintiffs Marvin & Catina Williams, et al. should be and is hereby **GRANTED**.  This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

February 2, 2007

```
                              _____
                                    JAY C. ZAINEY
                              UNITED STATES DISTRICT JUDGE
```